## GEORGE H. GRAY v. WILLIAM J. HALL.

Court of Common Pleas. Sussex. April 29, 1797.

*Wilson's Red Book, 161.*

*Bayard* and *Miller* for plaintiff. *Peery* and *Wilson* for defendant.

Plaintiff exhibited the account passed by defendant as guardian, and plaintiff's mother's (Delilah Gray's) will appointing defendant testamentary guardian.

Defendant showed that plaintiff's father died intestate in Maryland, and the inventories of each of the estates, and the several accounts, which showed that Delilah Gray's estate formed a very small part of the balance. He claimed an allowance for raising Negroes, which he had delivered to plaintiff since the date of the final account.

Defendant's counsel moved for a nonsuit upon plaintiff's exhibiting the guardian account, and resting there; which the COURT refused, and said they would give their opinion to the jury, but would not determine facts. Repeated their arguments before the

---

* This case is also reported in *Bayard's Notebook, 194.*

jury. That guardian in Maryland must have given bond when appointed by law, which is the case after intestacies. Com.Guide 146. Assumpsit will not lie for a debt due on a specialty, without a new promise, or new consideration, 1 Com.Dig. 207, 1 Esp.N.P. 95. That the passing the account was no new promise but a performance so far of the condition of the guardian bond.

Plaintiff's counsel. Presumptions are not to be admitted as full proof, where the law requires any particular kind of evidence. The bond is as necessary to be produced in this case as in debt on a bond. A judgment in this action with the proper averments will be a bar to an action brought upon a bond, 2 Term 483.

PER CURIAM. BASSETT, C. J. (Charge.) This is an action to recover a balance on a guardian account before the Orphans' Court, passed by defendant. Defendant alleges plaintiff has misconceived his action, and secondly, that he has a set-off against that balance by bringing up Negroes to the amount. As to the first point, that the action should have been upon a bond, suggested to you, we think it is as necessary defendant should give a bond in evidence, which he should prove, as it is for a plaintiff who brings his action upon a bond. The same requisites are necessary for a defense as for support of plaintiff's demand. If you were satisfied there is a bond, I say, supposing a bond, the question would be whether this action could be supported. We are not bound to determine this point unless the fact were proved. The authorities cited do not come home to this case, for they all suppose contracts entered into by persons at years; this bond was taken by a deputy commissary, and the party interested was an infant. We can conceive a guardian appointed and no bond given. The deputy commissary might be mistaken in the law and think a mother might legally appoint a testamentary guardian for her child. Defendant says plaintiff owes him as much as the balance for raising Negroes; plaintiff says defendant owes him more by £36 for the hire of the mother. We differ from both, for we think the record of the Orphans' Court is conclusive on this subject; for they ascertain the balance, allow for all trouble and expenses of accountant, and must have had the case of the Negroes under their consideration. If the balance is due, interest must be allowed.

Verdict for plaintiff.